**SCHNADER HARRISON SEGAL & LEWIS** LLP
**A Pennsylvania Limited Liability Partnership**
**LISA J. RODRIGUEZ**
**New Jersey Managing Partner**
**DAVID C. DZIENGOWSKI**
**Woodland Falls Corporate Park**
**220 Lake Drive East, Suite 200**
**Cherry Hill, New Jersey 08002-1165**
**Phone: (856) 482-5222 ▪ Fax: (856) 482-6980**

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TROY OGLESBY, SR., on behalf of himself and all other similarly situated, <br><br> *Plaintiff,* <br><br> v. <br><br> THE "ORIGINAL" W. HARGROVE DEMOLITION COMPANY CO., INC. d/b/a CAMDEN TOWING, INC. and THE CITY OF CAMDEN, <br><br> *Defendants.* | No. |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**INTRODUCTION**

1.    This is a class action, brought under 42 U.S.C. § 1983 and New Jersey state causes of action, on behalf of persons who had their vehicles towed by The "Original" W. Hargrove Demolition Company Co., Inc. d/b/a Camden Towing, Inc. ("Hargrove") and were charged an amount in excess of the amount specified in its October 2013 contract with the City of Camden ("Camden").

2.     Plaintiff brings these claims against Hargrove and Camden on behalf of himself and the Class (consisting of all persons who had their vehicles towed and were charged in excess of the Contract amount), in order to remedy the unlawful overcharges by Hargrove, including:

(a)     Claims under 42 U.S.C. § 1983;

(b)     A claim under New Jersey common law for unjust enrichment and disgorgement based on the amounts collected by Hargrove in excess of the lawful contracted amount;

(c)     A claim under the New Jersey Consumer Fraud Act ("CFA") for violating the Predatory Towing Prevention Act N.J.S.A. § 56:13-7, *et seq.* ("PTPA") and the regulations promulgated under that statute, and N.J.A.C. 13:45A-31.1 by overbilling, including charging for a flatbed tow and failing to maintain appropriate records;

(d)     A claim under the CFA for billing in excess of the contracted amount constituting an unconscionable commercial practice in violation of N.J.S.A. § 56:8-2;

**JURISDICTION AND VENUE**

3.     Plaintiff alleges deprivation of rights secured by the Due Process Clause of the Fourteenth Amended as protected by 42 U.S.C. § 1983.

4.     Venue is proper in this Court as the Defendant is located and does business in Camden, New Jersey.

**PARTIES**

5.     Plaintiff, Troy Oglesby, Sr., resides in Cherry Hill, New Jersey.  He was charged for the towing of his vehicle, on two separate occasions, an amount in excess of the amount provided for in the Contract between Hargrove and Camden.

6.     Hargrove is located at 1509 State Street, Camden, New Jersey.

7.      Camden is a municipality within Camden County, New Jersey, which entered into a Contract with Hargrove to provide non-consensual towing at the request of Camden.

**FACTUAL BACKGROUND**

8.      Hargrove entered into a Contract with Camden on October 15, 2013, for the removal and storage of abandoned, disabled, and impounded vehicles (the "Contract"). The Contract was a one-year contract, with an automatic one-year extension. On information and belief, while the term of the Contract has ended, it is currently in hold over status and Hargrove continues to operate towing services on behalf of Camden. Under the terms of the Contract, the rate to be charged for towing a vehicle is $89.00 a day.

9.      Plaintiff's car was towed by Hargrove on May 14, 2015.

10.     On the date his vehicle was towed, it was unregistered and in working order.

11.     Mr. Oglesby retrieved his car on May 15, 2015, and was required to pay $160.00 in towing charges, not the contracted $89.00 amount, plus $24.00 in storage fees.

12.     Plaintiff Oglesby's vehicle was towed a second time on July 9, 2015. At the time the vehicle was towed, it was unregistered and in working order. Oglesby went to Hargrove's State Street location and tendered payment of $89.00, the towing charge amount provided for in the Contract between Camden and Hargrove. Hargrove refused the proffered payment, insisting again on the $160.00 for flatbed towing, despite the fact that it was not necessary to use a flatbed tow truck.

13.     Oglesby continues to be deprived of the use of his vehicle as it remains at Hargrove because of Hargrove's refusal to accept the amount provided for in the Contract.

14.     Plaintiff Oglesby and the Class are third party beneficiaries of this Contract in that Camden and Hargrove intended Plaintiff Oglesby and the members of the Class to benefit from the limit on what could be charged for non-consensual tows.

15.     The Contract between Camden and Hargrove incorporated the Hargrove bid sheet.  Under the terms of the bid sheet, Hargrove was authorized to charge for the use of a flatbed tow truck if that was the only means by which the vehicle to be towed could be transported. This limitation on flatbed towing is also a requirement of the PTPA, which limits the use of a flatbed to those vehicles involved in an accident which could not otherwise be towed.

16.     In violation of the Contract and the New Jersey statute, Hargrove used the flatbed and charged $160.00 without regard to whether or not the vehicle could be towed by a conventional tow truck.

17.     Pursuant to the terms of the Contract, Hargrove was required to submit monthly reports to the City of Camden.  The monthly reports were to be submitted within ten (10) days of the close of every month. The PTPA also requires the preparation and retention of records, including the same information.

18.     The Contract required these monthly reports to include, *inter alia*, all charges that released vehicles were required to pay.

19.     Plaintiff requested the monthly report from Camden by way of an Open Records Request ("OPRA") on July 15, 2015.

20.     If these monthly reports were prepared, as required by the Contract, Camden would have known that Hargrove was charging amounts that exceeded the agreed-upon contract amount for all the vehicles which it towed.

4

21.     On information and belief, Hargrove failed to provide Camden with this information required both by its Contract and the PTPA.

22.     Plaintiff Oglesby filed four (4) separate OPRA requests related to Camden's Contract with Hargrove.

23.     Camden was unable to provide the requested reports to Plaintiff Oglesby.

24.     This action seeks disgorgement of the difference between the Contract amount and the amount charged; reimbursement for all of those overcharged; treble damages and attorneys' fees; to end the billing practices of Hargrove for those vehicles towed pursuant to its Contract with Camden.

## THE PREDATORY TOWING PREVENTION ACT

25.     The PTPA was enacted in 2007 and recognizes a significant public interest in the regulation of tow operators.

26.     Under the provisions of the statute, tow companies that perform non-consensual towing shall retain invoices, job orders, claims for reimbursement from insurance companies, and other documentation relating to the towing services performed and the rates charged for the services.

27.     The statute also declares overcharging consumers for towing services to be a predatory towing practice.

28.     The regulations promulgated under the statute provide that the use of a flatbed tow truck shall only be charged if a motor vehicle can only be transported by a flatbed tow truck, and further provides that for non-consensual towing, the towing company may not charge for the use of a flatbed tow truck if a motor vehicle can be towed by another type of tow truck, even if the company chooses to use a flatbed tow truck.

PHDATA 5519623_2

## CLASS ACTION ALLEGATIONS

29.     Plaintiff brings this class action under Fed. R. Civ. P. 23 on behalf of Plaintiff and a class of all persons who had their vehicle towed by Hargrove, pursuant to its Contract with the Camden, and who were charged in excess of the $89.00 provided for in the Contract with Camden.

30.     The members of the Class are so numerous that joinder of all persons is impractical.

31.     The exact number and identities of the Class are easily ascertained by those records Hargrove is required to maintain and submit to Camden pursuant to its Contract and the PTPA.

32.     There are common questions of law and fact affecting the rights of the Class members including:

(a)     Whether Hargrove routinely charged the flatbed tow charge for vehicles which, pursuant to the Contract and statute, were not subject to the flatbed charge;

(b)     Whether Hargrove breached its Contract with Camden by charging in excess of the contracted amount and by failing to comply with the statutory and contractual recordkeeping requirements;

(c)     Whether Hargrove is liable under New Jersey common law principles of unjust enrichment/disengagement for collecting fees higher than those provided for in its contract with Camden;

(d)     Whether Hargrove's policy of charging for a flatbed tow for a vehicle which did not require the use of a flatbed constitutes a violation of N.J.A.C. 13:45A-31.4(f);

(e)     Whether Hargrove's policy of charging an amount in excess of the amount provided for in the Contract for use of a flatbed constitutes an unconscionable commercial practice in violation of N.J.S.A. 56:8-2, *et seq.*, New Jersey Consumer Fraud Act;

(f)     Whether Hargrove violated N.J.S.A. § 56:13-7, *et seq.* and N.J.A.C. 13:45A-31.1, *et seq.*, by failing to comply with the terms of its Contract and the Statute;

(g)     Whether violation of N.J.S.A. § 56:13-7, *et seq.*, and the regulations promulgated under that statute, is a *per se* violation of the New Jersey Consumer Fraud Statute, N.J.S.A. § 56:8-2, *et seq.*;

(h)     Whether Plaintiff and the Class are entitled to reimbursement of the towing fees charged in excess of the contracted amount and in violation of PTPA;

(i)     Whether Plaintiff and the Class are entitled to treble damages;

(j)     Whether Plaintiff and the Class are entitled to attorneys' fees;

(k)     Whether Hargrove deprived Plaintiff and the Class of a federally protected property interest under 42 U.S.C. § 1983;

(l)     Whether the City of Camden is liable to Plaintiff and the Class for constitutional torts committed pursuant to a policy, procedure, practice of custom.

33.     Plaintiff's claims are typical of the Class he seeks to represent.

34.     Plaintiff has no interests that are antagonistic to or in conflict with the Class.

35.     Plaintiff will thoroughly and adequately protect the interests of the Class and has retained qualified and competent counsel.

36.     The prosecution of the separate actions by individual class members would create a risk of inconsistent or varying adjudications.

7

37.    A class action is superior to other available means for the fair and efficient adjudication of the controversy as the out-of-pocket damages suffered by each class member do not make individual actions economically feasible.

## COUNT ONE

### CLAIM AGAINST HARGROVE PURSUANT TO 42 U.S.C. § 1983

38.    Plaintiff incorporates and realleges each and every allegation contained in the preceding paragraphs of the Complaint.

39.    At all relevant times, Defendant Hargrove qualified as a person acting under color of state law.  Defendant Hargrove contracted with Defendant Camden to engage in the activity of nonconsensual towing, a traditional state function designed to keep streets clear of abandoned vehicles.  This activity was encouraged and delegated by Defendant Camden.  Most of the requests to tow abandoned or unregistered vehicles were from Camden through the Police Department.  By way of Resolution MC-13:3520, Defendant Camden authorized Defendant Hargrove to serve as its exclusive towing agent, thereby allowing Defendant Hargrove to tow and store vehicles on a twenty-four hour, seven days per week basis.

40.    Additionally, per the Contract, Defendant Hargrove was entwined with Defendant Camden.  Defendant Hargrove expressly agreed to "comply with all applicable laws, ordinances and codes of the State of New Jersey and the City of Camden."  Defendant Hargrove agreed to submit to Defendant Camden monthly status reports regarding its towing business, and to set the price of nonconsensual tows at $89.00 per tow.  Further exhibiting its close nexus with Defendant Camden, Defendant Hargrove operated its towing business under the name "Camden Towing, Inc."

41.    In non-consensually towing Plaintiff's vehicle on May 14, 2015, and then charging Plaintiff the excess fee of $160.00 to retrieve his vehicle on May 15, 2015, Defendant

Hargrove deprived Plaintiff of a federally protected property interest—his money—without due process of law. Defendant Hargrove's wrongful deprivation violated Plaintiff's substantive and procedural due process rights under the Fourteenth Amendment to the U.S. Constitution, as vindicated by 42 U.S.C. § 1983.

42. In non-consensually towing Plaintiff's vehicle on July 9, 2015, and depriving Plaintiff of the use of said vehicle unless and until Plaintiff paid an excess fee in violation of the terms of the Contract and applicable law, Defendant Hargrove deprived Plaintiff of another federally protected property interest—the use of his automobile— without due process of law. The use of an automobile occupies a central place in the lives of Americans, facilitating access to jobs and the daily necessities of life. This property interest extends to the uninterrupted use of one's automobile. Defendant Hargrove's wrongful deprivation violated Plaintiff's substantive and procedural due process rights under the Fourteenth Amendment to the U.S. Constitution, as vindicated by 42 U.S.C. § 1983.

43. Further, Defendant Hargrove offered no procedural safeguards, in the form of pre- or post-deprivation hearings, through which Plaintiff could vindicate his protected property interest in his money and in the use of his automobile. Instead, Defendant Hargrove singularly demanded that Plaintiff pay the excess fee to regain possession and control of his automobile.

44. By willfully depriving Plaintiff of his protected property interest without any procedural safeguards, and by doing so while acting under color of state law, Defendant Hargrove violated Plaintiff's right of procedural due process guaranteed under the Fourteenth Amendment to the U.S. Constitution.

45. By willfully and arbitrarily and/or irrationally charging Plaintiff $160.00 for the nonconsensual tow, when the use of a flatbed tow was not the only means by which the vehicle

could be towed and when the vehicle was not involved in an accident and was fully operable, Defendant Hargrove violated the contract and applicable law while acting under color of state law. In doing so, Defendant Hargrove violated Plaintiff's right of substantive due process guaranteed under the Fourteenth Amendment to the U.S. Constitution.

46.     As a direct and proximate result of the violations of their constitutional rights by Defendant Hargrove, Plaintiff and class members suffered special and general damages as alleged in this Complaint. They are entitled to relief under 42 U.S.C. § 1983.

47.     Hargrove refused to accept the contracted amount and misrepresented the amount due. Thus, the conduct of Defendant Hargrove was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

## COUNT TWO

### CLAIM AGAINST CITY OF CAMDEN PURSUANT TO 42 U.S.C. § 1983

48.     Defendant Camden is liable under 42 U.S.C. § 1983 for constitutional torts that are committed pursuant to a policy, procedure, practice, or custom of the municipality. Even if Defendant Camden's practice of overlooking constitutional torts of Defendant Hargrove was not authorized by an officially adopted policy, its practice of doing so was of sufficient duration, frequency, and consistency that it fairly represents an official policy.

49.     By information and belief, beginning October 15, 2013, the date on which Defendant Camden contracted with Defendant Hargrove, and continuing through December 13, 2013, the date on which Defendant Camden amended the Contract and authorized Defendant Hargrove to be its exclusive towing agent, Defendant Camden had a general policy, procedure, practice, or custom of overlooking Hargrove's excess towing charges, the arbitrary and irrational

use of flatbed towing, lack of monthly reports, and deprivations of procedural due process. This policy, procedure, practice, or custom was of sufficient duration, frequency, and consistency to become the traditional method of doing business with Defendant Hargrove and, by consequence, Plaintiff and class members.

50.     Defendant Camden never enforced the price controls and reporting requirements placed upon Defendant Hargrove by the Contract, thereby facilitating the practice of unlawful excess charges.

51.     Defendant Camden provided for no procedural safeguards, either under the Contract or elsewhere, to protect the Plaintiff's and class members' federally protected property rights as guaranteed by the Fourteenth Amendment.

52.     Defendant Camden has been on notice of Hargrove's violations. Plaintiff has regularly attended City Council meetings since at least August 2015 to complain about the unauthorized towing charges and the City's non-compliance with his OPRA requests. Camden acted with deliberate indifference to Plaintiff's complaints about the unauthorized towing charges.

53.     As evidence of the wholly-absent procedural safeguards, Plaintiff has since sought relief from State Assemblymen Angel Fuentes and Gilbert "Whip" Wilson, as well as from the City of Camden, Mayor's Office, all to no avail. Plaintiff remains deprived of his vehicle unless he pays the excess fee demanded by Defendant Hargrove.

54.     Defendant Camden's consistent failure to provide procedural safeguards, to supervise and enforce Defendant Hargrove's compliance with the price controls and reporting requirements under the Contract, to prevent arbitrary and irrational action in the use of flatbed towing by Defendant Hargrove, and to enforce the relevant provisions of PTPA, demonstrate

PHDATA 5519623_2

willful blindness toward the constitutional violations of Plaintiff and class members. Such willful blindness constitutes deliberate indifference to Plaintiff's and class members' procedural and substantive due process rights under the Fourteenth Amendment to the U.S. Constitution.

55. Consequently, Defendant Camden is liable for the constitutional torts of Defendant Hargrove because Defendant Camden sanctioned the following policies, procedures, practices, or customs:

      (a)    Charging excessive nonconsensual towing fees in violation of the Contract and applicable law;

      (b)    Allowing the needless use of flatbed towing to persist in violation of the contract and applicable law;

      (c)    Ignoring the reporting requirement under the Contract, thereby facilitating and perpetuating the deprivation of a federally protected property interest;

      (d)    Ignoring the serious need of oversight and compliance for its towing contractor who performs a significant delegated function of the City;

      (e)    Failing to provide procedural safeguards for persons whose vehicles are non-consensually towed to vindicate the due process guaranteed under the Fourteenth Amendment to the U.S. Constitution.

## COUNT THREE

### VIOLATIONS OF THE CFA BY DEFENDANT HARGROVE
### (Unconscionable Commercial Practice)

56. Plaintiff incorporates and realleges each and every allegation contained in the preceding paragraphs of the Complaint.

57.     Since at least October 15, 2013, Defendant Hargrove has had the Contract with Camden to provide non-consensual towing services for Camden and has provided the City with the services. Hargrove has charged amounts in excess of the Contract.

58.     In doing so, Defendant Hargrove has engaged in unconscionable commercial practices, false promises, misrepresentations and the knowing omission of material facts.

59.     Defendant Hargrove's conduct in violation of the CFA includes, but is not limited to, the following unconscionable commercial practices:

(a)     Charging in excess of the amount authorized by the Contract and PTPA; and

(b)     Failing to release vehicles unless the unauthorized fees were paid;

(c)     Failing to submit appropriate reports in compliance with the terms of the Contract and PTPA.

## COUNT FOUR

### VIOLATIONS OF THE CFA BY DEFENDANT HARGROVE
### (Violations of the Predatory Towing Prevention Act and N.J.A.C. 13:45a-31.)

60.     Plaintiff incorporates and realleges each and every allegation contained in the preceding paragraphs of the Complaint.

61.     PTPA, N.J.S.A. § 56:13-7, *et seq.,* and N.J.A.C. 13:45A-31.1 promulgated thereunder, govern Hargrove's non-consensual towing.

62.     The statute defines predatory towing practices to include:

Charging unwarranted or excessive fees, particularly . . . overcharging consumers for towing services provided under circumstances where the consumer has no meaningful opportunity to withhold consent.

63.     N.J.S.A. § 56:13-17 provides:

> Every towing company that performs . . . non-consensual towing shall retain and make available for inspection by the division for a period of three years, invoices, job orders, logs, claims for reimbursement from insurance companies and other documentation relating to all consensual and non-consensual towing services performed and rates charged for the services.

64.     N.J.A.C. § 13:45A-31.4(a)viii authorizes an additional charge for a flatbed tow truck only when the tow is the result of a motor vehicle accident and the flatbed tow truck is actually used.

65.     N.J.A.C. § 13:45A-31.10 provides that a violation of any Rule contained within the code provisions <u>shall</u> be considered an unlawful practice under the CFA.

66.     Hargrove failed to submit the reports required by the Contract and the PTPA which reports would have put Camden on notice that Hargrove was not complying with the terms of the Contract.

67.     Hargrove has charged for a flatbed tow when it was not required because no accident was involved.

68.     The breach of the Contract by Hargrove has resulted in Plaintiff and the Class being overcharged for non-consensual towing.

69.     Hargrove's failure to comply with the reporting requirements of the Contract allowed the overcharging to continue.

70.     Had Hargrove complied with the report requirements, even a cursory review of the records would have alerted Camden that Hargrove was overcharging for towing.

## COUNT FIVE

### BREACH OF CONTRACT AGAINST HARGROVE
### (Third Party Beneficiary)

71.     Plaintiff incorporates and realleges each and every allegation contained in the preceding paragraphs of the Complaint.

72.     Plaintiff and the Class are third party beneficiaries under the Contract between Hargrove and Camden.

73.     Hargrove has failed to perform as required by the Contract in that it has charged towing fees in excess of those authorized by the Contract and has failed to comply with the recordkeeping requirements of the Contract.

## COUNT SIX

## UNJUST ENRICHMENT

74.     Plaintiff incorporates and realleges each and every allegation contained in the preceding paragraphs of the Complaint.

75.     Defendant Hargrove was unjustly enriched by the Plaintiff and the Class by an amount in excess of that allowed by Contract and the PTPA regulations thereunder.

76.     Defendant Hargrove had no right to those funds which exceeded the amount set forth in the Contract.

77.     Each unauthorized charge is cause for a judgment requiring reimbursement of the payment in excess of the Contract amount.

## PRAYER FOR RELIEF

WHEREFORE, based upon the foregoing allegations, the Plaintiff respectfully requests the following:

(a)     An order awarding Plaintiff's costs and attorney's fees, pursuant to statutes cited herein, 42 U.S.C. § 1988, and any other applicable law.

(b)     A judgment against Defendant Hargrove finding that its acts and omissions constitute multiple instances of unlawful practices in violation of the CFA, N.J.S.A. 56:8-1 *et seq.*, the PTPA, N.J.S.A. 56:13-7 *et seq.*, and the Towing Regulations, N.J.A.C. 13:45a-31.1 *et seq.*

## **JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues so triable.

_s/ Lisa J. Rodriguez_

Lisa J. Rodriguez
David C. Dziengowski
SCHNADER HARRISON SEGAL & LEWIS LLP
A Pennsylvania Limited Liability Partnership
Woodland Falls Corporate Park
220 Lake Drive East, Suite 200
Cherry Hill, New Jersey  08002-1165
Phone: (856) 482-5222 ▪ Fax: (856) 482-6980
ljrodriguez@schnader.com
ddziengowski@schnader.com

Dated: November 11, 2015

PHDATA 5519623_2