# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TROY OGLESBY, SR., on behalf of himself and all other similarly situated, | |
| Plaintiff, | Civil Action |
| v. | No. 1:15-cv-08006-RMB-JS |
| THE "ORIGINAL" W. HARGROVE DEMOLITION COMPANY, INC. d/b/a CAMDEN TOWING, INC., and THE CITY OF CAMDEN | |
| Defendants. | |

## FINAL ORDER AND JUDGMENT

WHEREAS, a class action is pending in this Court entitled *Troy Oglesby, Sr., on behalf of himself and all others similarly situated v. The "Original" W. Hargrove Demolition Company, Inc. d/b/a Camden Towing, Inc., and the City of Camden* (the "Action").

WHEREAS, the parties agreed to settle this Action upon the terms and conditions set forth in the Settlement Agreement (the "Settlement"), a copy of which has been filed with the Court, subject to Court approval following Notice to the Class and a hearing; and

WHEREAS, by Order dated June 6, 2017 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) ordered that notice of the proposed Settlement be provided to members of the Class; and (c) scheduled a hearing for final approval of the Settlement;

WHEREAS, Class Counsel filed with the Court proof, by affidavit, of mailing of the Settlement Notice;

WHEREAS, due and adequate notice has been given to the Class;

WHEREAS the Court conducted a hearing on October 17, 2017 to consider, among other things: (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate, and should therefore be approved; (b) whether the Plan of Allocation proposed by Class Counsel is fair, reasonable, and adequate, and should be approved; (c) whether Class Counsel's Motion for an Award of Attorneys' Fees and Expenses should be granted; (d) whether Class Counsel's Motion for a Named Plaintiff Incentive Award should be granted; and (e) whether a final judgment should be entered dismissing the Action with prejudice, pursuant to the Settlement; and

WHEREAS, the Court has carefully reviewed the Settlement, as well as the proceedings to date in this case, and listened to oral presentations by Class Counsel, and

WHEREAS, the Court orally stated its findings and holdings in open Court on all issues, and now wishes to memorialize in this written Order and Judgment.

IT IS on this ___17th___ day of October, 2017,

HEREBY ORDERED AND ADJUDGED as follows:

1. <u>Jurisdiction</u> - That Defendants, Named Plaintiff and Settlement Class Members have submitted to the jurisdiction of the Court for purposes of the proposed Settlement, and that the Court has subject matter jurisdiction to approve the Settlement Agreement.

2. <u>The Class</u> - Certifying the Settlement Class as:

> All persons who had a vehicle towed by Hargrove, pursuant to its contract with Camden between October 15, 2013 and November 4, 2015, whose tow was not required because of an accident, and who were charged for a flatbed tow in excess of $89.00.

3. <u>Notice</u> - Finding that the Notice given pursuant to this Settlement Agreement: (a) constitutes the best practicable notice under the circumstances; (b) constitutes due, adequate and sufficient notice to all persons entitled to receive notice; and (c) meets the requirements of due process and any other applicable rules of the Court;

4. <u>Final Settlement Approval</u> - Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure and, upon application of the nine factors identified in *Girsh v. Jepson,* 521 F.2d 153 (3d Cir. 1975), this Court hereby fully and finally approves the Settlement and finds that the Settlement is in all respects fair, reasonable, and adequate, as more fully set forth on the record on May 27, 2014. The

Court incorporates the Settlement in this Final Order and Judgment and Orders that the Settlement shall be effective, binding and enforced according to its terms and conditions.*

5.  <u>Attorneys' Fees and Costs</u> - Class Counsel are hereby awarded attorneys' fees and reimbursement of expenses in the sum of $ _200,000.00_ . The Court finds this fee to be fair and reasonable. This payment of attorneys' fees and reimbursement of expenses shall be made by Defendant Hargrove.

6.  <u>Named Plaintiff Incentive Awards</u> - An incentive award in the amount of $ _15,000.00_ shall be paid to the Named Plaintiff, Troy Oglesby. Such award is fair, reasonable, and reflects the efforts of Mr. Oglesby. The award shall be paid by Defendant Hargrove.

7.  <u>Dismissal</u> - The Action is hereby dismissed with *prejudice.*

8.  <u>Binding</u> Effect - The terms of the Settlement and this Judgment shall be forever binding on and inure to the benefit of Defendants, Named Plaintiff, and the individual members of the Class (regardless of whether or not any individual class member submits a claim form or seeks or obtains a distribution from the Claims Amount), and the parties' respective Releasees, as well as their heirs, executors, administrators, predecessors, successors, affiliates, and assigns.

9.  <u>No Admission</u> - Neither the Settlement nor this Judgment, nor their negotiation or any proceedings taken pursuant to them, shall constitute or be

*The late claims filed by Alicia Wright and Chuck Thompson shall be permitted.

4

construed as a presumption, concession, or admission by the Released Parties of any fault, liability, damages, or wrongdoing or of any fact, allegation or claim that was or could have been asserted in this Action.

10. <u>Retention of Jurisdiction</u> - Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over (a) the parties for purposes of administration, interpretation, implementation, and enforcement of the Settlement; and (b) the disposition of the Settlement Fund.

11. <u>Termination of Settlement</u> - If approval of the Settlement is appealed and not affirmed on appeal, or if the Effective Date of the Settlement otherwise does not occur, this Order will cease to be effective and will be without prejudice to the rights of the parties to the Settlement, all of whom will be restored to their respective positions in the Action as those existed immediately before reaching the Settlement.

12. <u>Entry of Final Judgment</u> - There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

*[Signature]*
Honorable Renée M. Bumb, U.S.D.J.